UNITED STATES DISTRICT COURT

FILED 04 SEP '24 13:29USDC-ORP

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARICELA RAMIREZ,<br>　　　　　　Plaintiff, | COMPLAINT 3:24-CV-1470-SB |
| Versus | VIOLATION OF EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT. |
| OREGON HEALTH AND SCIENCE UNIVERSITY; KATHERINE HAVARD, PA-C; BRENDAN J. CUNNINGHAM, DO; DOES 1 TO 100, Inclusive | 42 U.S. Code § 1395dd<br><br>(REQUEST FOR JURY TRIAL) |
| 　　　　　　Defendants. | |

## PARTIES TO THIS COMPLAINT

**Plaintiff's Name, Address and Phone Number:**
MARICELA RAMIREZ, PRO SE
12638 NW Barnes Road, # 8
Portland, OR 97229
(503)644-7173

**Defendants' Name, Address and Phone Number:**
OREGON HEALTH AND SCIENCE UNIVERSITY HOSPITAL
KATHERINE HAVARD, PA-C
BRENDAN J. CUNNINGHAM, DO.
Central Services
Risk Management
Mail Code: L328
3181 S.W. Sam Jackson Park Road
Portland, OR 97239

**DEFENDANTS KATHERINE HAVARD, PA-C AND BRENDAN CUNNINGHAM, DO AND DOES 1 TO 100, INCLUSIVE, ARE BEING SUED IN BOTH OFFICIAL AND INDIVIDUAL CAPACITIES.**

## COMPLAINT

COMES NOW Plaintiff MARICELA RAMIREZ, individually, and for cause of action against Defendants, and each of them, KATHERINE HAVARD, PA-C and BRENDAN CUNNINGHAM, DO and DOES 1 to 100 in both official and individual capacities, as follows:

1

## NATURE OF THE CASE

1. This is a case of violation of the Emergency Medical Treatment and Active Labor Act (EMTALA) and Intentional Infliction of Emotional Distress. Plaintiff alleges that Defendants engaged in violation of the EMTALA. Plaintiff seeks injunctive relief from these practices; general, compensatory and punitive damages; and an award of costs, expenses, and attorneys' fees.

## JURISDICTION AND VENUE

2. At all material times, OREGON HEALTH AND SCIENCE UNIVERSITY (hereinafter "OHSU") was and is a corporation of the State of Oregon doing regular and sustained business in Multnomah County, Oregon as a public hospital providing inpatient and outpatient medical, surgical and hospital care to patients.

3. At all material times OHSU's employees, including KATHERINE HAVARD, PA-C and BRENDAN CUNNINGHAM, DO, were working in the course and scope of their employment for OHSU TUALITY ER and both were working under color of law.

4. This Court has jurisdiction over Plaintiff's claims of violations of Plaintiff's federal Constitutional rights pursuant to 28 U.S.C. §§1331 and 1343(a)(4). Moreover, this Court has jurisdiction of Plaintiffs' claims pursuant to the Emergency Medical Treatment and Active Labor Act.

5. Venue is proper under 28 U.S.C. § 1391(b) (c), in that one or more of the defendants reside in the District of Oregon and Plaintiffs' claims for relief arose in this district.

## EMTALA STATUTORY FRAMEWORK

6. EMTALA states, inter alia, that any hospital that receives Medicare funds and operates an emergency department:

    i.    must stabilize any individual determined to have an emergency medical condition, see 42 U.S.C.§ 1395dd(b); and

    ii.    ii. may not transfer (which includes discharge) any individual with an emergency medical condition who has not been stabilized, unless, inter alia, the individual requests a transfer or a physician certifies that the benefits of a transfer to another medical facility outweigh the increased risks to the patient, see id. § 1395dd(c).

7. EMTALA defines an emergency medical condition as "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual . . . in serious jeopardy, [cause] serious impairment to bodily functions, or serious dysfunction of any bodily organ or part." Id. § 1395dd(e)(1)(A).

8. EMTALA defines "to stabilize" to mean "to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility[.]" Id. § 1395dd(e)(3)(A).

9. OHSU ED Defendants receive Medicare funds and operate emergency departments and are subject to the requirements of EMTALA.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On September 8 and September 16, 2022, Plaintiff went to the OHSU ED TUALITY HEALTHCARE because she fell and suffered of extreme difficulty standing-up and walking, extreme diffuse pain and worsening symptoms of kidney failure, liver and gallbladder diseases, cancer, etc. The ED attending physicians KATHERINE HAVARD, PA-C and BRENDAN CUNNINGHAM, DO, and OHSU ED TUALITY HEALTHCARE Staff intentionally denied appropriate medical screening to Plaintiff for her emergency medical condition and palliative

care. Moreover, Defendants treated Plaintiff differently and intentionally discriminated against her on the basis of her Mexican race.

FIRST CLAIM FOR RELIEF:

FIRST CLAIM FOR RELIEF: Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA") 42 U.S. Code § 1395dd.

(Brought Against Oregon Health and Science University Hospital)

11. Plaintiff repeats and realleges each and every foregoing and subsequent allegation in the complaint as though said paragraphs were set forth in full herein."

12. September 8 and September 16, 2022, Plaintiff went to the OHSU ED TUALITY HEALTHCARE because she fell and suffered of extreme difficulty standing-up and walking, extreme diffuse pain and weakness and worsening symptoms of kidney failure, liver and gallbladder diseases, cancer, etc.

13. OHSU ED TUALITY HEALTHCARE doctors did not provide appropriate medical screening to Plaintiff as required by EMTALA.

> "(a)MEDICAL SCREENING REQUIREMENT
>
> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.
>
> (b)NECESSARY STABILIZING TREATMENT FOR EMERGENCY MEDICAL CONDITIONS AND LABOR
>
> (1)IN GENERAL If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either—

4

Plaintiff MARICELA RAMIREZ'
Complaint for Damages against OHSU

(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or

(B) for transfer of the individual to another medical facility in accordance with subsection

14. OHSU ED TUALITY HEALTHCARE attending physicians denied to Plaintiff appropriate medical screening, hospitalization and deliberately denied to Plaintiff adequate medical care for her emergency medical condition. OHSU ED TUALITY HEALTHCARE attending physicians discharged Plaintiff from the emergency room knowing that she is not in stable condition because she suffered of extreme difficulty standing-up and walking, extreme diffuse pain and weakness and worsening symptoms of kidney failure, liver and gallbladder diseases, cancer, etc. OHSU ED TUALITY HEALTHCARE attending physicians violated EMTALA. 42 U.S. Code § 1395dd.

15. Defendants showed a reckless, deliberate and outrageous indifference to a highly unreasonable risk of harm to Plaintiff. Defendants acted with a conscious and deliberate indifference to the health, safety and welfare of Plaintiff. As such, Plaintiff is entitled to receive punitive damages as determined reasonable by a jury

16. As a result of the constitutional violations alleged herein, Plaintiff suffers of extreme difficulty standing up and walking, worsening weakness of her right hand, arm, leg and foot and worsening of osteoarthritis of her hands, elbows, knees, ankles, feet, spine and hips and worsening of her cancer, chronic kidney failure, etc. These injuries, and the consequences of them, have caused Plaintiff to suffer economic damages in the form of medical care and expenses, in a reasonable amount of approximately over $100,000.00.

17. As a result of the above-described constitutional violations, plaintiff suffered from severe emotional distress, sense of betrayal and abandonment extreme physical pain and her medical condition worsened, all to her noneconomic damages in an amount to be proven at trial.

Plaintiff MARICELA RAMIREZ'
Complaint for Damages against OHSU

18. As a further result of the constitutional violations alleged herein, Plaintiff also suffered non-economic damages in the form of pain and fear. Plaintiff suffered non-economic damages in an amount determined to be reasonable by a jury.

19. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered damages to be proven at trial.

20. In performing the acts herein alleged, Defendants acted maliciously, fraudulently, and oppressively, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff seeks relief as set forth below.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Brought Against OHSU)

21. Plaintiff repeats and realleges each and every foregoing and subsequent allegation in the complaint as though said paragraphs were set forth in full herein.

22. Defendants' conduct was outrageous, intentional and malicious, and was done with reckless disregard of the probability of causing Plaintiff to suffer extreme physical pain and extreme emotional distress. Defendants' acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

23. As a sole, direct and proximate result of the above described conduct of the Defendants, and each of them, Plaintiff's weakness of her right hand, arm, leg and foot worsened and the osteoarthritis of her hands, elbows, knees, ankles and feet worsened and also her cancer, and chronic kidney failure, etc. worsened. Plaintiff is informed and believes and, upon such information and belief, alleges worsening weakness of her right hand, arm, leg and foot and worsening osteoarthritis of her hands, elbows, knees, ankles, feet, spine and hips and also worsening of her cancer, and chronic kidney failure, etc., extreme difficulty standing-up,

weakness and walking resulted in permanent disability to her, all to her general and non-economic damages in an amount that is in excess of this Court's minimum jurisdictional amount and which will be stated according to proof.

24. The actions of the Defendants constitute reprehensible and despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights. In doing the foregoing acts, the Defendants acted with malice and with willful and conscious disregard of the safety and well-being of Plaintiff.

25. Defendants' conduct in confirming and ratifying that conduct was done with knowledge that Plaintiff's life-threatening medical condition would worsen and emotional distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff. Defendants' conduct was extreme and outrageous. Defendants' acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. Such conduct qualifies as despicable conduct, warranting the imposition of punitive and exemplary damages against the Defendants, and each of them.

WHEREFORE, Plaintiff seeks relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. Findings of constitutional violations committed by Defendants against Plaintiff
2. For economic damages in the amount of over $100,000.00 or as found to be reasonable by a jury;
3. For non-economic damages in the amount of over 100,000.00 or as found to be reasonable by a jury;

Plaintiff MARICELA RAMIREZ'
Complaint for Damages against OHSU

4. For punitive damages in the amount of $1,000,000 or as found to be reasonable by a jury; and

5. For his attorney fees, costs and disbursements incurred herein.

6. For such further and other relief as this court deems just and proper.

## JURY DEMAND:

116. Plaintiff hereby respectfully demands a jury trial on all issues so triable.

Respectfully Submitted,

Dated: September 4, 2024

By: *Maricela Ramirez*
MARICELA RAMIREZ, Plaintiff

Plaintiff MARICELA RAMIREZ'
Complaint for Damages against OHSU